IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANNY F.,[1]                                     6:21-CV-00355-BR

       Plaintiff,                        OPINION AND ORDER

v.

Commissioner, Social
Security Administration,

       Defendant.


**SHERWOOD J. REESE**
**LUKE MOEN-JOHNSON**
Drew L. Johnson, P.C.
1700 Valley River Drive
Eugene, OR 97401
(541) 434-6466

      Attorneys for Plaintiff

**SCOTT ASPHAUG**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

---

    [1] In the interest of privacy this Court uses only the first
name and the initial of the last name of the nongovernmental
party in this case.

1 - OPINION AND ORDER

**WILLY LE**
Acting Regional Chief Counsel
**ALEXIS L. TOMA**
Social Security Administration
Office of the General Counsel
701 Fifth Avenue
Suite 2900 M/S221A
Seattle, WA 98104-7075
(206) 615-2950

       Attorneys for Defendant

**BROWN, Judge.**

       Plaintiff Danny F. seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act.

       This matter is before the Court on Plaintiff's Complaint in which he seeks review of the Commissioner's decision and the Commissioner's Motion to Remand (#13).

       Following a review of the record, the Court **REVERSES** the Commissioner's decision, **GRANTS** the Commissioner's Motion to Remand, and **REMANDS** this matter pursuant to sentence four of 28 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

## ADMINISTRATIVE HISTORY

       Plaintiff filed an application for SSI on November 9, 2018, alleging a disability onset date of December 31, 2000.  Tr. 150-

56.[2]  The application was denied initially and on
reconsideration.  An Administrative Law Judge (ALJ) held a
hearing on September 3, 2020.  Tr. 26-43.  At the hearing
Plaintiff amended his alleged onset date to November 9, 2018.
Tr. 30.  Plaintiff was represented by an attorney and Plaintiff
and a vocational expert (VE) testified at the hearing.

The ALJ issued a decision on September 24, 2020, in which he
found Plaintiff is not disabled, and, therefore, Plaintiff is
not entitled to benefits.  Tr. 13-21.  Pursuant to 20 C.F.R.
§ 404.984(d), that decision became the final decision of the
Commissioner on January 15, 2021, when the Appeals Council denied
Plaintiff's request for review.  Tr. 1-6.  *See Sims v. Apfel*, 530
U.S. 103, 106-07 (2000).


## BACKGROUND

Plaintiff was born on May 19, 1977.  Tr. 150.  Plaintiff was
43 years old at the time of the hearing.  Plaintiff has at least
a high-school education.  Tr. 20.  Plaintiff does not have any
past relevant work experience.  Tr. 20.

Plaintiff alleges disability due to high blood pressure,
insomnia, psychosis, a learning disability, and post-traumatic
stress disorder (PTSD).  Tr. 46.

---

[2] Citations to the official transcript of record filed by
the Commissioner on July 9, 2021, are referred to as "Tr."

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden a claimant must demonstrate the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as

adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11
(quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690
(9th Cir. 2009)).  It is more than a mere scintilla [of evidence]
but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d
at 690).

The ALJ is responsible for determining credibility,
resolving conflicts in the medical evidence, and resolving
ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir.
2009).  The court must weigh all of the evidence whether it
supports or detracts from the Commissioner's decision.  *Ryan v.
Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even
when the evidence is susceptible to more than one rational
interpretation, the court must uphold the Commissioner's findings
if they are supported by inferences reasonably drawn from the
record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).
The court may not substitute its judgment for that of the
Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir.
2006).

## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential
inquiry to determine whether a claimant is disabled within the
meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir.

2007). *See also* 20 C.F.R. § 416.920. Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. § 416.920(c). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe they preclude substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's RFC. The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite limitations. 20 C.F.R. § 416.945(a). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8

6 - OPINION AND ORDER

hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work the claimant has done in the past. 20 C.F.R. § 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in

substantial gainful activity since his November 9, 2018, amended alleged onset date.  Tr. 15.

At Step Two the ALJ found Plaintiff has the severe impairments of bipolar disorder, PTSD, and "polysubstance abuse." Tr. 15.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 16.  The ALJ found Plaintiff has the RFC to perform "a full range of work at all exertional levels . . . with the following . . . limitations:  limited to simple, routine, and repetitive tasks, simple work-related decisions, and occasional public and coworker contact."  Tr. 17.

At Step Four the ALJ found Plaintiff does not have any past relevant work.  Tr. 19.

At Step Five the ALJ found Plaintiff can perform other work that exists in the national economy.  Tr. 20.  Accordingly, the ALJ concluded Plaintiff is not disabled.


## DISCUSSION

Plaintiff contends the ALJ erred when he (1) improperly partially rejected Plaintiff's testimony; (2) failed to address lay-witness statements; and (3) failed to include limitations assessed by reviewing psychologist Evelyn Adamo, Ph.D., in

Plaintiff's RFC.

In Defendant's Brief and Motion to Remand (#13) Defendant concedes the ALJ's partial rejection of Plaintiff's testimony, failure to address lay-witness statements, and failure to include Dr. Adamo's assessed limitations in Plaintiff's RFC were "not supported by substantial evidence."  Def.'s Brief at 2. Defendant contends the Court should remand this matter for further administrative proceedings on the ground that the record does not conclusively establish that Plaintiff is disabled. Plaintiff, however, asserts this Court should remand the matter for an immediate award of benefits.

## I.   Standard

"A district court may 'revers[e] the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.'"  *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015)(quoting *Treichler v. Comm'r*, 775 F.3d 1090, 1099 (9th Cir. 2014)(alteration in *Treichler*)).  "'[T]he proper course, except in rare circumstances, [however,] is to remand to the agency for additional investigation or explanation.'" *Treichler*, 775 F.3d at 1099 (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)).  The Ninth Circuit "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met."  *Dominguez*, 808 F.3d at 407 (citing *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir.

2014)).  "The district court must first determine that the ALJ
made a legal error, such as failing to provide legally sufficient
reasons for rejecting evidence."  *Id.* (citation omitted).  "If
the court finds such an error, it must next review the record as
a whole and determine whether it is fully developed, is free from
conflicts and ambiguities, and 'all essential factual issues have
been resolved.'"  *Id.* (quoting *Treichler*, 775 F.3d at 1101).
"[T]he district court must consider whether there are
'inconsistencies between [the claimant's] testimony and the
medical evidence in the record,' or whether the government has
pointed to evidence in the record 'that the ALJ overlooked' and
explained 'how that evidence casts into serious doubt' the
claimant's claim to be disabled."  *Id.* (quoting Burrell, 775 F.3d
at 1141).  "Unless the district court concludes that further
administrative proceedings would serve no useful purpose, it may
not remand with a direction to provide benefits."  *Id.* (citation
omitted).

When the district court determines the record has been fully
developed and there are not any outstanding issues to be
resolved, "the district court must next consider whether the ALJ
would be required to find the claimant disabled on remand if the
improperly discredited evidence were credited as true."
*Dominguez*, 808 F.3d at 408 (quotation omitted).  "If so, the
district court may exercise its discretion to remand the case for

an award of benefits." *Id*. "A district court is generally not required to exercise such discretion, however." *Id*. (citing *Connett v. Barnhart*, 340 F.3d 871, 874-76 (9th Cir. 2003); *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000)). District courts "retain flexibility in determining the appropriate remedy," *Burrell*, 775 F.3d at 1141, and "a reviewing court is not required to credit claimants' allegations regarding the extent of their impairments as true merely because the ALJ made a legal error in discrediting their testimony." *Treichler*, 775 F.3d at 1106. "In particular, [courts] may remand . . . for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Burrell*, 775 F.3d at 1141. *See also Connett*, 340 F.3d at 874-76 (a reviewing court retains discretion to remand for further proceedings even when the ALJ fails to "assert specific facts or reasons to reject [the claimant]'s testimony").

## II. Analysis

As noted, Defendant concedes the ALJ erred when he improperly partially rejected Plaintiff's testimony, failed to address lay-witness testimony, and did not include certain limitations assessed by Dr. Adamo in Plaintiff's RFC. Thus, the threshold requirement, that the ALJ made a legal error in failing to provide legally sufficient reasons for rejecting evidence, is

met.  The Court, therefore, must next evaluate "whether the record has been fully developed and further administrative proceedings would serve no useful purpose." *Dominguez*, 808 F.3d at 408.

Plaintiff asserts that the district court should credit Plaintiff's testimony as to the extent of his limitations as true because the ALJ erred when he partially rejected Plaintiff's testimony.  According to Plaintiff, if his testimony had been deemed true, the ALJ would have been required to find him disabled and, therefore, the Court should remand for payment of benefits.  "But this reverses the required order of analysis . . . .  [T]he district court must 'assess whether there are outstanding issues requiring resolution *before* considering whether to hold that the claimant's testimony is credible as a matter of law.'" *Dominguez*, 808 F.3d at 408 (quoting *Treichler*, 775 F.3d at 1105)(emphasis in *Dominguez*)).  "If such outstanding issues do exist, the district court cannot deem the erroneously disregarded testimony to be true; rather, the court must remand for further proceedings." *Dominguez*, 808 F.3d at 408 (citing *Treichler*, 775 F.3d at 1105-06)

Here, there are outstanding issues that preclude the Court from moving to the next step.  Specifically, reviewing psychologist Dr. Adamo indicated Plaintiff "is able to interact with others in a workplace briefly" and to have "incidental"

interaction with the public." Tr. 57. In his assessment of
Plaintiff's RFC the ALJ limited Plaintiff to "occasional public
and coworker contact." Tr. 17. Defendant concedes the RFC
"addresses the quantity of social contact, but not the length and
quality of contact," and, therefore, is in error. Def.'s Brief
at 4. Defendant, however, points out that Dictionary of
Occupational Titles (DOT) provides the jobs identified by the VE
specifically do not require talking and involve "not significant"
contact with others. *See* DOT No. 915.687-034, *available at* 1991
WL 687878; DOT No. 381.687-018, *available at* 1991 WL 673258; and
DOT No. 922.687-058, *available at* 1991 WL 688132. The VE also
testified at the hearing that those jobs are "non-public."
Tr. 39-40. In addition, Dr. Adamo opined Plaintiff can cope with
normal workplace changes in a "non-demanding work environment."
Tr. 57. Dr. Adamo, however, did not define "non-demanding."
According to Defendant, therefore, even if the ALJ fully credited
Dr. Adamo's statement, it is not clear on this record that the
ALJ would be required to find Plaintiff disabled.

        In addition, Defendant notes there is not any mental opinion
evidence in the record despite the fact that this matter involves
serious psychiatric conditions that Plaintiff asserts limit his
ability to work.

        The Court concludes on this record that Defendant has
established there are outstanding issues that must be resolved

before a determination of disability can be made.  Specifically, further administrative proceedings are necessary for the ALJ to evaluate whether the jobs identified by the VE would continue to be viable if Dr. Adamo's opinion regarding the length and quality of contact with the public, coworkers, and supervisors was considered; to call a psychiatric expert to give testimony regarding Plaintiff's mental impairments; to reevaluate Plaintiff's testimony; to address lay-witness testimony; to reevaluate Plaintiff's RFC; and to determine if Plaintiff is disabled.  The Court, therefore, concludes this matter should be remanded for further administrative proceedings.  *See Schneider v. Comm'r*, 223 F.3d 968 (9ᵗʰ Cir. 2000).

Accordingly, the Court remands this matter to the Commissioner for further administrative proceedings as set out in this Opinion and Order.


## <u>CONCLUSION</u>

For these reasons, the Court **REVERSES** the decision of the Commissioner, **GRANTS** the Commissioner's Motion (#13) to Remand for further administrative proceedings, and **REMANDS** this matter pursuant to sentence four of 28 U.S.C. § 405(g) for further

proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 28th day of June, 2022.


/s/ Anna J. Brown
_____
ANNA J. BROWN
United States Senior District Judge

15- OPINION AND ORDER