IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DANNY F.**,<br><br>        Plaintiff,<br><br>v.<br><br>**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION**,<br><br>        Defendant. | Case No. 6:21-cv-00355-IM<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)** |

**IMMERGUT, District Judge.**

      Plaintiff Danny F. brought this action seeking review of the Commissioner's final decision denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. Plaintiff's Brief, ECF 10 at 1. On June 28, 2022, Federal District Judge Anna Brown reversed the Commissioner's decision and remanded the case for further proceedings. Judgment, ECF 17. On remand, Plaintiff received a fully favorable decision and the Commissioner found Plaintiff entitled to SSI beginning November 2018. Notice of Award, ECF 21-2.

PAGE 1 – ORDER GRANTING ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)

Plaintiff's counsel now seeks an award of fees pursuant to 42 U.S.C. § 406(b). Motion for Attorney's Fees ("Mot."), ECF 21. The Commissioner has not objected to the amount of the award. *See id.* at 2; Commissioner's Response ("Resp."), ECF 22 at 2. This Court has reviewed the record in this case, the motion, and the supporting materials, including the award of benefits, the fee agreement with counsel, and the recitation of counsel's hours and services. Applying the standards set by *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002), this Court finds that the total fee award allowed for under § 406(b) and requested by counsel, $10,750.75, is reasonable.

While the Commissioner does not dispute the amount of the award, it does dispute the wording to be used in this Order. The Commissioner insists that § 406(b) does not authorize an order directing the Commissioner to pay attorney's fees, and the Commissioner urges this Court to avoid language "directing" the Commissioner to "pay" the attorney's fees. Resp., ECF 22 at 2–4. "Alternatively, the Commissioner requests that the Court specifically indicate that any amount it authorizes in § 406(b) fees is to be paid out of Plaintiff's past-due benefits in accordance with agency policy." *Id.* at 2. At bottom, the Commissioner appears concerned about being on the hook for attorney's fees in the event of a shortfall of withheld funds. The Proposed Order provided by Plaintiff's counsel, Proposed Order, ECF 21-4, complies with the Commissioner's request, as does this Court's Order below.

Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b), ECF 21, is GRANTED. Upon consideration of Plaintiff's petition for attorney fees pursuant to 42 U.S.C. § 406(b), and Defendant neither opposing nor supporting the application, Plaintiff's counsel Luke Moen-Johnson is hereby awarded attorney's fees under the Social Security Act, 42 U.S.C. § 406(b) in the gross of $10,750.75 (or 25% of Plaintiff's past-due benefits, whichever is less).

Counsel may retain $9,134.46 in fees previously awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412, in partial satisfaction of the § 406(b) award.

This leaves a net amount of $1,616.29 due to counsel. The Commissioner shall deduct from this amount any applicable processing fee prescribed by law and pay Plaintiff's counsel Luke Moen-Johnson the balance from the past-due benefits the agency withheld from Plaintiff in anticipation of an order under 42 U.S.C. § 406(b). After paying Luke Moen-Johnson the net § 406(b) award, the Commissioner shall release to Plaintiff any unused balance of past-due benefits that the Commissioner withheld for attorney's fees.

**IT IS SO ORDERED.**

DATED this 3rd day of April, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge